UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KENNETH LOWMAN,<br><br>                      Plaintiff,<br><br>v.<br><br>GENERAL MOTORS<br>CORPORATION, *et al.,*<br><br>                      Defendants. | Case No. 21-cv-12080<br>Honorable Nancy G. Edmunds<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE**

## I.    Introduction

Plaintiff Kenneth Lowman sues his former employer General Motors Corporation, James Woods, UAW International (UAW), and Thomas Kurzyniec, alleging that they mishandled the grievance process and did not provide him with sufficient information related to his termination. ECF No. 1. The Honorable Nancy G. Edmunds referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 11. The Court now **RECOMMENDS** that Lowman's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

## II.     Background

In October 2021, UAW and Kurzyniec moved to dismiss, and General Motors responded in concurrence with the motion to dismiss.  ECF No. 12; ECF No. 13.  Lowman did not respond, so the Court issued an order to show cause why his complaint should not be dismissed for failure to prosecute, warning that "[f]ailure to timely respond may result in dismissal of the case."  ECF No. 14, PageID.109.  The Court mailed the show cause order to the address of record.

## III.    Analysis

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b).  *Link v. Wabash R. Co.*, 370 U.S. 626, 629-632, (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").  The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).  And this Court's local rules provide that

when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing . . . the case unless good cause is shown." E.D. Mich. LR 41.2. Dismissal for want of prosecution is ordinarily with prejudice. Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363. Although Lowman is proceeding pro se, and thus is held to less stringent standards, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "[P]ro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, 05-10116-BC, 2007 WL 1582236 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

3

Analysis of the *Knoll* factors supports dismissal. For the first factor, Lowman is at fault because he failed to either respond or explain to the Court his inability to do so even after the Court warned him that a failure to respond might prompt dismissal of his case for failure to prosecute. And the Court's order was not returned as undeliverable, permitting a reasonable inference that Lowman received it. Thus, even if it is not clear that Lowman's failure to respond is done in bad faith, it is "certainly willful and with fault." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013)

As to the second factor, there is little, if any, prejudice to the defendants here—Lowman's failure simply causes a delay of litigation. But the third and fourth factors weigh heavily in favor of dismissal. Lowman has failed to participate in the prosecution of his claims since he filed his September 2021 complaint. And the Court warned Lowman in the order to show cause that his failure to timely respond to defendants' motions to dismiss may lead to dismissal of the case. ECF No. 14. The Court tried a less drastic measure by issuing the order to show cause. But that measure did not work. Lowman's failure to substantively participate in the case since the filing of the complaint suggests the futility of imposing lesser sanctions. Under these circumstances, "dismissal is the only appropriate

4

remedy" because Lowman "has effectively abandoned the case." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013).

## IV. Conclusion

For these reasons, the Court **RECOMMENDS** that Lowman's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: May 5, 2022

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 5, 2022.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager